**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| BUCKEYE STATE MUTUAL INSURANCE COMPANY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.:  2:05-CV-21-PRC |
| | ) | |
| PATRICIA HALL, HARRY HALL, BRIEANNA SHIVLEY, a minor, JIM LITTRELL, father of Brieanna Shivley, and SUSAN SHIVLEY, mother of Brieanna Shivley, | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| PATRICIA HALL AND HARRY HALL, | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TERENCE E. BRENNAN, JR. a/k/a TERRY BRENNAN, and BURT INSURANCE AGENCY, | ) | |
| Third-Party Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Stay Proceedings [DE 43], filed by Third-Party  Defendants Terence E. Brennan, Jr. a/k/a Terry Brennan and Burt Insurance Agency on September 22, 2006.  On October 3, 2006, Plaintiff Buckeye State Mutual Insurance Company filed a Response to Third-Party Defendants' Motion to Stay Proceedings.  The Third-Party Defendants did not file a reply brief.

**PROCEDURAL AND FACTUAL BACKGROUND**

On January 19, 2005, Plaintiff Buckeye State Mutual Insurance Company ("Buckeye") filed a Complaint for Declaratory Judgment against Patricia Hall, Harry Hall, Brieanna Shivley, Jim Littrell and Susan Shivley.

In its Complaint, Buckeye contends that Patricia Hall visited the Burt Insurance Agency on

or about January 9, 2003, and filled out an application for homeowner's insurance through Buckeye. One of the questions on the policy application was: "Does applicant or any tenant have any animals or exotic pets? (Note breed and bite history)".  Cmplt, Exh. B, p. 3.  Buckeye represents that when asked this question by the insurance agent, Patricia Hall responded, "No."  At the bottom of the policy application, Patricia Hall also signed her name just below the following certification: "I have read the above application and any attachments.  I declare that the information provided in them is true, complete, and correct to the best of my knowledge and belief.  This information is being offered to the company as an inducement to issue the policy for which I am applying."  *Id.*

Buckeye asserts that contrary to Patricia Hall's representations on the policy application, she did in fact own a 90 pound Doberman Pinscher dog named "Zip" when she filled out the application. On or about August 25, 2004, Zip bit and severely injured Brieanna Shivley, the Halls' niece, when Brieanna was visiting the Halls' home.  As a result of this incident, Brieanna Shivley, through her parents Jim Littrell and/or Susan Shivley, have made a claim under the Buckeye policy on behalf of Brieanna.  In its Complaint, Buckeye contends that by certifying that she did not own a dog, and particularly a Doberman Pinscher, Patricia Hall materially misrepresented facts on the policy application and as a result of this material misrepresentation, the policy is void and the Halls are not entitled to coverage for Brieanna Shivley's claim.

On August 31, 2005, the Halls filed a Third-Party Complaint against Terence E. Brennan, Jr. a/k/a Terry Brennan, and Burt Insurance Agency seeking indemnity for any personal liability incurred as a result of Buckeye's failure to satisfy the claim made under the Halls' policy.

On May 31, 2006, Buckeye filed a Motion for Summary Judgment.  On June 30, 2006, the Defendants filed Responses in Opposition to Buckeye's Motion for Summary Judgment.  On July 7, 2006, Buckeye filed a Reply in Support of its Motion for Summary Judgment.

The parties attempted mediation on August 8, 2006, but it was unsuccessful.

On August 24, 2006, Brieanna Shivley and Susan Shivley filed suit in Porter County

2

Superior Court seeking recovery for the injuries Brieanna sustained as a result of being bitten by the Halls' dog.

In the instant Motion, Third-Party Defendants Terry Brennan and Burt Insurance Agency move the Court to stay the instant proceeding until the Shivleys' state court action is resolved. The Third-Party Defendants assert that the issue of the Halls' liability to the Shivleys in state court has not yet been decided and that under certain factors present here, decisions about indemnity should be postponed until the underlying liability has been established. The Third-Party Defendants further contend that the Halls' liability to the Shivleys should be conclusively established prior to making any resolution of the indemnity issues raised by Buckeye and the Halls in the instant action and that allowing the state court action and the instant indemnity action to proceed simultaneously may result in inconsistent factual findings.

Buckeye responds that the duty to defend, as well as the duty to indemnify, is at issue in this case. Buckeye's policy with the Halls provides that, absent any coverage exclusion, Buckeye has the duty to defend against any lawsuit brought against the Halls. The Halls have also demanded that Buckeye provide coverage and indemnification against the underlying tort claim. *See* Pl. Br., Exh. A (September 11, 2006 letter from Halls' attorney to counsel for Buckeye).

Thus, Buckeye asserts that a dispute over the duty to defend satisfies the Article III case or controversy requirement and that the motion to stay should be denied, and the declaratory judgment action should be allowed to proceed, at least as to Buckeye's duty to defend the underlying case. The Third-Party Defendants did not file a reply in support of their Motion to Stay Proceedings.

## DISCUSSION

The Declaratory Judgment Act provides, in relevant part, that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). However, the Act does not dispense with the Article III case or controversy

requirement, *see Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 627 (7th Cir.1995), nor does it supply a court with subject matter jurisdiction, *see Lawline v. Am. Bar Ass'n*, 956 F.2d 1378, 1387 (7th Cir.1992).

Regarding Buckeye's duty to defend the Halls under the policy in the state court proceeding, the general rule is that an actual controversy exists where there is a question of an insurer's duty to defend an insured from potential liability in an underlying action. *See Sears, Roebuck & Co. v. Zurich Ins. Co.*, 422 F.2d 587, 589 (7th Cir. 1970); *Molex Inc. v. Wyler*, 334 F.Supp. 2d 1083, 1086 (N.D. Ill. 2004). Because the duty to defend question usually does not depend on the outcome of the underlying action, there is no barrier to resolving that question before the underlying litigation is resolved. *See Nationwide Ins. v. Zavalis*, 52 F.3d 689, 695 (7th Cir.1995). The Seventh Circuit has noted that, a "[d]efense may be required even if there never turns out to be any liability to indemnify." *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003). In this case, whether Buckeye has a duty to defend the Halls in the underlying Indiana state court action is a question of contractual interpretation that does not require the resolution of any facts or issues in that underlying action. The dispute over the defense is fundamentally distinct from the question raised in the state court action-whether the Halls may be held liable for damages, if any, to Brieanna Shivley, through her parents. Therefore, an actual controversy of sufficient immediacy exists as to whether Buckeye must defend the Halls in the Indiana state-court litigation, and with respect to Buckeye's request for a declaratory judgment on that duty, the motion to stay must be denied.

Regarding Buckeye or the Third-Party Defendants' duty to indemnify the Halls for damages resulting from the state court proceeding, the Seventh Circuit has regularly held that decisions about indemnity should be postponed until the underlying liability has been established. *See, e.g.*, *Nationwide Ins.* 52 F.3d 689 at 693 ("[T]he duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit."); *Grinnell Mut. Reinsurance Co. v. Reinke*, 43 F.3d 1152, 1154 (7th Cir.1995) ("[T]he duty to indemnify is unripe until the insured has been held

4

liable."); *Travelers Insurance Cos. v. Penda Corp.*, 974 F.2d 823, 833 (7th Cir.1992) ("[T]he determination of whether [defendant] has a duty to indemnify is not ripe until the underlying litigation is terminated.").

Buckeye contends that if the Court concludes that Buckeye has no duty to defend, then Buckeye necessarily would have no duty to indemnify either, since the duty to defend is broader than the duty to indemnify. Buckeye correctly states the law in Indiana. *See Transamerica Ins. Services v. Kopko,* 570 N.E.2d 1283, 1285 (Ind. 1991) ("The insurer's duty to defend is broader than its duty to pay."); *Wayne Twp. Bd. Of Sch. Comm'rs,* 650 N.E.2d 1205, 1208 (Ind. App. 1995) ("An insurer's duty to defend its insureds against suit is broader than its coverage liability or duty to indemnify."); *Housing Authority Risk Retention Group, Inc. v. Chicago Housing Authority,* 378 F.3d 596 (7th Cir. 2004) ("If the insurer owes no duty to defend, then it owes no duty to indemnify."). However, since the duty to defend is broader than the duty to indemnify, it is possible that Buckeye could have a duty to defend the Halls, but have no duty to indemnify. Therefore, even if this Court were to find that Buckeye has a duty to defend the Halls (which may or may not be the case), the issue of any duty to indemnify could not be resolved at this time. In addition, the Third-Party Complaint in this case brought by the Halls against the Third-Party Defendants is solely for indemnification and will depend upon the facts and outcome of the underlying Indiana state court action. The Court has no basis on which to evaluate the likelihood of the Halls' liability in that action. Thus, with respect to Buckeye's request for a declaratory judgment on its duty to indemnify and the Halls' Third-Party Complaint for indemnification, the motion to stay must be granted.

**CONCLUSION**

5

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** the Motion to Stay Proceedings [DE 43].  The Motion is **GRANTED** as to Buckeye's request for a declaratory judgment on its duty to indemnify and the Halls' Third-Party Complaint for indemnification.  The Motion to Stay is **DENIED** as to Buckeye's request for declaratory judgment on the duty to defend the Halls in the Indiana state-court litigation.

SO ORDERED this 22nd day of November, 2006.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:    All counsel of record