UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BUCKEYE STATE MUTUAL INSURANCE COMPANY,<br>　　Plaintiff,<br><br>　　v.<br><br>PATRICIA HALL, HARRY HALL, BRIEANNA SHIVLEY, a minor, JIM LITTRELL, father of Brieanna Shivley, and SUSAN SHIVLEY, mother of Brieanna Shivley,<br>　　Defendants.<br>_____<br><br>PATRICIA HALL AND HARRY HALL,<br>　　Third-Party Plaintiffs,<br><br>　　v.<br><br>TERENCE E. BRENNAN, JR. a/k/a TERRY BRENNAN, and BURT INSURANCE AGENCY,<br>　　Third-Party Defendants. | CAUSE NO.:  2:05-CV-21-PRC |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*.  For the following reasons, the Court dismisses the pending state law claims against Third-Party Defendants Terence E. Brennan, Jr. a/k/a Terry Brennan and Burt Insurance Agency.

**PROCEDURAL BACKGROUND**

On January 19, 2005, Plaintiff, Buckeye State Mutual Insurance Company ("Buckeye"), filed a Complaint for Declaratory Judgment in this Court seeking a declaration that Harry and Patricia Hall ("the Halls") are not entitled to coverage for their niece Brieanna Shivley's dog bite claim against the Halls' insurance policy with Buckeye.

On August 31, 2005, the Halls filed a Third-Party Complaint against Terence E. Brennan, Jr. a/k/a Terry Brennan, and Burt Insurance Agency seeking indemnity for any personal liability incurred as a result of Buckeye's failure to satisfy the claim made under the Halls' policy.

On August 24, 2006, Brieanna Shivley and Susan Shivley filed suit in Porter County Superior Court seeking recovery for the injuries Brieanna sustained as a result of being bitten by the Halls' dog.

On September 22, 2006, the Third-Party Defendants filed a Motion to Stay Proceedings seeking to stay the instant proceeding until the Shivleys' state court action is resolved. On November 22, 2006, this Court granted in part and denied in part the Motion to Stay Proceedings. The Court granted the motion as to Buckeye's request for a declaratory judgment on its duty to indemnify and the Halls' Third-Party Complaint for indemnification. The Court denied the motion as to Buckeye's request for declaratory judgment on the duty to defend the Halls in the Indiana state-court litigation.

On November 29, 2006, the Court granted Buckeye's Motion for Summary Judgment, finding that the Halls are not entitled to coverage for the Brieanna Shivley dog bite claim under their homeowner's insurance policy with Buckeye and that Buckeye has no duty to defend or indemnify the Halls against the underlying tort claim. The Halls' state law claims for indemnification against Terence E. Brennan, Jr. a/k/a Terry Brennan and Burt Insurance Agency remain pending before the Court.

**DISCUSSION**

Section 1367(a) provides that the Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Court has supplemental jurisdiction over the Halls' state law claims under 28 U.S.C. § 1367(a) based on the Court's original jurisdiction, founded on diversity, over the claims brought by Buckeye in this case under 28 U.S.C. § 1332.

Under 28 U.S.C. § 1367(c), the Court may decline to exercise supplemental jurisdiction over a claim under § 1367(a) if the "district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In the Seventh Circuit, there is a presumption under § 1367(c)(3) that the district court will dismiss without prejudice supplemental state law claims following the dismissal of all claims over which the district court had original jurisdiction prior to trial. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *Alonzi v. Budget Constr. Co.*, 55 F.3d 331, 334 (7th Cir. 1995); *Brazinski v. Amoco Petroleum Additivies Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993); *Malibu, Inc. v. Reasonover*, 246 F. Supp. 2d 1008, 1017 (N.D. Ind. 2003). "The period of limitations for any claim asserted under § 1367(a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d).

In this matter, relinquishment of the Halls' state law claims for indemnification in accordance with this presumption is appropriate. Although this case has been pending for some time, the record does not demonstrate that the parties have invested a substantial amount of time and effort in litigating the Halls' state law claims. Specifically, the parties' summary judgment briefing concerned only Buckeye's duty to provide coverage for the Brieanna Shivley dog bite claim and did not address the Halls' claims for indemnification. Because this Court's Order granting Buckeye's

Motion for Summary Judgment disposed of all the claims over which it has original jurisdiction, the Court will now dismiss the Halls' pending state law claims for indemnification against Terence E. Brennan, Jr. a/k/a Terry Brennan and Burt Insurance Agency.

## CONCLUSION

Accordingly, the Court **DISMISSES without prejudice** the Halls' state law claims for indemnification against Terence E. Brennan, Jr. a/k/a Terry Brennan and Burt Insurance Agency. Pursuant to 28 U.S.C. § 1367(d), the Halls shall have thirty (30) days from the date of this Order to re-file their state law claims in state court.

SO ORDERED this 6th day of December, 2006.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   All counsel of record